FILED & ENTERED

AUG 28 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**ZAREH NARGHIZIAN,**<br><br>Debtor. | Case No. 2:13-bk-12805-RK<br><br>Chapter 7<br><br>Adv No. 2:13-ap-01475-RK |
| **LUCIANO FABBIO,**<br><br>Plaintiff,<br><br>vs.<br><br>**ZAREH NARGHIZIAN,**<br><br>Defendant. | **ORDER VACATING HEARINGS ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS SET FOR SEPTEMBER 2, 2015 AND RESETTING BRIEFING AND HEARING SCHEDULE**<br><br>**HEARING:**<br>DATE:    September 2, 2015<br>TIME:    1:30 p.m.<br>PLACE:   Courtroom 1675<br>         255 East Temple Street<br>         Los Angeles, CA 90012 |

Pending before the court are the Motion for Summary Judgment ("MSJ") of Plaintiff Luciano Fabbio ("Plaintiff" or "Fabbio") for Summary Judgment, ECF 38, and the Motion of Defendant Zareh Narghizian ("Defendant" or "Narghizian") for Judgment on the

1  Pleadings ("MJOP"), ECF 46.   Hillel Chodos, Rafael Chodos and Diane Fella represent
2  Plaintiff.  Timothy F. Umbreit represents Defendant.
3      The hearings on the Motions have been continued from time-to-time due to the
4  pendency of appellate proceedings in the related state court litigation between the
5  parties, and the Motions are currently set for hearing on September 2, 2015 at 1:30 p.m.
6  The parties have filed written oppositions to each other's dispositive motions as well as
7  numerous supplemental briefs and other filings.
8      Having reviewed the moving and opposing papers, the court determines that
9  because the moving papers for the MSJ are procedurally deficient, the hearings on the
10 Motions, which are intertwined, now set for September 2, 2015 should be vacated and
11 the briefing and hearing schedule should be reset in light of recent developments in the
12 appellate litigation as well as the deficiencies of Plaintiff's pleadings, and rules as follows:

1. The hearings on September 2, 2015 at 1:30 p.m. on both Motions, the MSJ and MJOP, are vacated and taken off calendar.  No appearances are required on September 2, 2015.

2. Plaintiff in his complaint alleges two claims for relief that the debt owed by Defendant to him is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) and (a)(4).  Plaintiff filed his MSJ seeking summary judgment in his favor on these two claims of his.  Defendant filed his MJOP seeking judgment on the pleadings in his favor on plaintiff's two claims.  Under Rule 56 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 7056 of the Federal Rules of Bankruptcy Procedure, the party moving for summary judgment has both an initial burden of production and the ultimate burden of persuasion that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  "Where the moving paper has the burden—the plaintiff on a claim for relief or the defendant on an affirmative defense—his showing must be sufficient for the court to hold that no

1     reasonable trier of fact could find other than for the moving party." *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986), *quoted in,* 3 Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:124 at 14-42 – 14-43 (2015). "This requires the moving party to establish beyond controversy every essential element of its claim or defense: 'If the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish by peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." 3 Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 14:126 at 14-43, *quoting, Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986)(emphasis in original), *and citing inter alia, Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003)(citing text).

3. In this adversary proceeding, plaintiff bears the burden of proving his claims under 11 U.S.C. § 523(a)(2)(A) and (a)(4) that the debts owed to him by defendant are excepted from discharge. *Grogan v. Garner,* 468 U.S. 279, 291 (1991). The elements of a claim under 11 U.S.C. § 523(a)(2)(A) based on false pretenses, false representation or actual fraud, the plaintiff must prove by a preponderance of the evidence: (1) the debtor made a representation; (2) the debtor knew the representation was false at the time he or she made it; (3) the debtor made the representation with the intent to deceive; (3) the plaintiff justifiably relied upon the representation; and (4) the plaintiff sustained losses as a proximate result of the misrepresentation having been made. *In re Mbunda,* 484 B.R. 344, 350 (9th Cir. BAP 2012), *In re Sabban,* 600 F.3d 1219, 1222 (9th Cir. 2010); *In re Eashai,* 87 F.3d 1082, 1086 (9th Cir. 1996); 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 22:452 at 22-65 (2015). The elements of a claim under 11 U.S.C. § 523(a)(4) based on fraud

3

or defalcation in a fiduciary relationship, the plaintiff must prove by a preponderance of the evidence: (1) the debtor was acting in a fiduciary capacity; and (2) while acting in that capacity, the debtor engaged in fraud or defalcation. *In re Stanifer,* 236 B.R. 709, 713 (9th Cir. BAP 1999), *cited in,* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 22:607 at 22-86 – 22-87 (2014). In this regard, the existence of a fiduciary relationship is a matter of federal law, and satisfying a state law standard for fiduciary relationship by itself may not be sufficient. *Ragsdale v. Haller,* 780 F.2d 794, 796-797 (9th Cir. 1986); *Double Bogey, L.P. v. Enea,* ___F.3d ___, 2015 WL 4478055 (9th Cir., July 22, 2015); 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶¶ 22:608.1 and 22:608.2 at 22-87.

4. In this court, under Local Bankruptcy Rule 7056-1, the required Statement of Uncontroverted Facts and Conclusions of Law is the vehicle for the party moving for summary judgment to set forth the material facts and evidence that show that each and every element of a claim is established by the appropriate burden of proof, i.e., by a preponderance of the evidence. For some unexplainable reason, plaintiff has not listed the elements of his two claims in his Statement of Undisputed Facts and Conclusions of Law with the specific evidence supporting that each and every element of the claims are established by a preponderance of the evidence. ECF 40. This is a point that defendant aptly makes in his Supplemental Brief, ECF 87, filed on August 18, 2015 (i.e., the MSJ does not establish the elements of the claims under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4)). Belatedly, plaintiff in his Supplemental Brief in Further Support of Motion for Summary Judgment, ECF 88, filed on August 25, 2015, attempts to address this problem by discussing each of the elements of collateral estoppel under state law, but ultimately, this attempt remains a failure of pleading because it does not address the specific elements of the claims in

the complaint, i.e., plaintiff's supplemental brief does not list out each element of the claims with the specific supporting evidence which the court expects in a Statement of Uncontroverted Facts and Conclusions of Law under Local Bankruptcy Rule 7056-1(b)(2). Incidentally, this Supplemental Brief is filed late only 7 days before the hearing in violation of Local Bankruptcy Rule 7056-1(d) requiring a reply brief by movant to be filed no later than 14 days before the hearing, and plaintiff did not seek leave of court to file this pleading out of time (i.e., not even asking for forgiveness, let alone permission). The court orders this pleading stricken for being filed out of time without leave of court. In fairness to both parties, the court notes that defendant's Supplemental Brief, ECF 87, was also filed out of time in violation of Local Bankruptcy Rule 7056-1(c), which requires response papers to be filed not less than 21 days before hearing, and this pleading was filed only 15 days before hearing. Likewise, defendant neither asked for leave of court (i.e., he did not ask for permission), nor explained his tardy filing (i.e., he did not ask for forgiveness), and the court orders this pleading stricken as well. However, the court would note that it pretty much came to the same conclusion as defendant that plaintiff does not show why he is entitled to relief on his claims in his MSJ, that is, plaintiff does not make his case in his papers, and he simply wants the court to infer it. ECF 87 at 5.

5. In reading plaintiff's papers, it appears that plaintiff would rather "tell" the court that defendant is liable for the claims under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) rather than "show" the court under Civil Rule 56 by reciting the elements of the claims that he must prove with the specific supporting evidence. *See, e.g.,* ECF 83 at 6 ("Narghizian is a poster boy for nondischargeability."); *compare,* ECF 83 at 6 ("He [Narghizian] was Fabbio's partner.") *with* ECF at 14 (District Court of Appeal opinion, filed March 26, 2015, stating the parties were

in a joint venture, not in a partnership, which indicates plaintiff's pronouncements are not always accurate because they are not tied to the record); ECF 40 at 5 ("Narghizian's overpayment to himself was a breach of his fiduciary duty to Fabbio . . . .," but nowhere is it discussed what this fiduciary duty was, and whether it met the federal standard for a fiduciary relationship). As defendant also aptly states in his Supplemental Brief, ECF 87, "The burden is on Fabbio to make his case not for the Court to infer it."  Although the court was inclined to agree with defendant that plaintiff had not met his burden in showing that his MSJ should be granted as required by the rules governing MSJs due to deficient pleading, the court could see that plaintiff with a focused effort specifically tied to the record could possibly put together a proper evidentiary showing for granting the MSJ, which would conserve litigation resources of the parties and the court.  Accordingly, the court believes that it is appropriate for the court to afford plaintiff an opportunity to correct the deficiencies in pleading his MSJ as identified in this order as well as to update the pleadings based on the recent state court rulings in post-trial and appellate proceedings.  As aptly described by defendant, plaintiff's MSJ consists of an "unnecessarily voluminous record which is for the most part a recitation of procedural history, conjecture, improper declarations and summary pronouncements by Plaintiff's counsel." ECF 87 at 2.  Plaintiff's MSJ in its current condition should be denied for insufficient showing of entitlement to relief.  The court does not rule upon Defendant's MJOP at this time because these motions are intertwined and in fairness and for judicial efficiency, they should be ruled upon together.

6. The parties are ordered to file and serve amended pleadings and supplemental briefing as follows: (1) Regarding Plaintiff's MSJ, Plaintiff is ordered to file an Amended Separate Statement of Undisputed Facts and Conclusions of Law, a

Supplemental Memorandum of Points and Authorities, and Supplemental Declarations with Supporting Documentary Evidence on or before October 7, 2015; (2) Regarding Plaintiff's MSJ, Defendant is ordered to file an Amended Statement of Genuine Issues, on or before October 21, 2015; (3) Regarding Defendant's MJOP, Defendant may file a Supplemental Memorandum of Points and Authorities on or before October 7, 2015; and (4) Regarding Defendant's MJOP, Plaintiff may file a Supplemental Memorandum of Points and Authorities on or before October 21, 2015.  The parties may file written evidentiary objections by October 21, 2015.  No other pleadings regarding these motions may be filed without prior court authorization.

7.  The hearings on the MSJ and the MJOP are reset for November 18, 2015 at 1:30 p.m. before the undersigned United States Bankruptcy Court in Courtroom 1675, Roybal Federal Building, 255 East Temple Street, Los Angeles, California.

IT IS SO ORDERED.

###

Date: August 28, 2015

_____
Robert Kwan
United States Bankruptcy Judge

7